Judith TARRANT, Appellant,

v.

CLEAR CREEK INDEPENDENT SCHOOL DISTRICT and Shirley J. Neeley, Ed.D., Commissioner of Education in her Official Capacity, Appellees.

No. 01–06–00653–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 12, 2007.

Russell G. Ramirez, Texas State Teachers Association, Austin, TX, for Appellant.

David M. Feldman, Carolyn M. Hanahan, Feldman & Rogers, L.L.P., Houston, TX, Shelley Alisa Dahlberg, Assistant Attorney General, Austin, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and BLAND.

## OPINION

SAM NUCHIA, Justice.

Appellant, Judith Tarrant, a retired school teacher, appeals the summary judgment rendered in the trial court in favor of appellees Clear Creek Independent School District (CCISD) and Shirley J. Neeley, Ed.D., in her official capacity as Commissioner of Education (the Commissioner). Appellant brings one issue in which she complains that the Commissioner's decision to deny appellant's appeal of CCISD's nonrenewal[1] of her one-year contract was arbitrary and capricious and contains erroneous conclusions of law and must, therefore, be reversed. We affirm.

## BACKGROUND

In 2003, appellant, resigned from CCISD. She then retired that same year from Sweeney Independent School District after one day's work. She was rehired by CCISD for the 2004–2005 school year under a special provision permitting retirees who are certified in an "acute shortage area" to return to work without forfeiting their pensions or retirement benefits. Appellant's contract with CCISD was for a one-year term. In March 2005, appellant was notified by letter that the superintendent of CCISD would recommend to the Board of Trustees (the Board) that her contract not be renewed. Approximately three weeks later, appellant received notice informing her that the Board had adopted the superintendent's recommendation and that the reasons the contract was not renewed included the following:[2]

> 32. Failure of a retired/rehired employee to meet the criteria for continued employment as set forth at DC(LOCAL).

Specifically, Board Policy DC(LOCAL) requires that the contracts of persons hired under the retire/rehire policy

---

1. "Nonrenewal" is a term of art used in the Education Code when referring to a school district's refusal to renew a contract. *See, e.g.,* Tex. Educ.Code Ann. §§ 21.206, 21.207, 21.208, 21.209 (Vernon 2006).

2. A second reason stated in the notice—"Any breach by the employee of an employment contract or any reason specified in the employee's employment contract"—has apparently been abandoned by CCISD.

"shall be limited to one year." You were hired in an "acute teacher shortage area" under this policy in August 2004. At the end of each year, these positions are vacated, and under the terms of your contract, the contract expires each year. Of course, you may reapply subject to the requirements stated in Board Policy DC(LOCAL).

The letter also informed appellant that she could request a hearing before the Board. Appellant requested a hearing, and, at the close of the hearing, the Board voted not to renew appellant's contract. Appellant appealed the Board's decision to the Commissioner, who made findings of fact and conclusions of law and denied the appeal. Appellant filed suit in the district court for judicial review of the Commissioner's ruling. *See* TEX. EDUC.CODE ANN. § 21.307 (Vernon 2006). The district court rendered summary judgment in favor of CCISD and the Commissioner, and appellant then filed this appeal.

## DISCUSSION

In support of her contention that the Commissioner's decision was arbitrary and capricious and contained erroneous conclusions of law, appellant advances three arguments. She first contends that the school district was not authorized to issue a teaching contract that expired after one year and could not be renewed. Second, she argues that the Government Code does not require that positions held by teachers under the "acute shortage area exception" be vacated in order to hire non-retirees. Third, she asserts that the Education Code permits a school district to nonrenew a teacher's contract only for a pre-established reason and that participation in the "acute shortage area exception" was not a pre-established reason.

### A. Standard of Review

We review the district court's judgment affirming or denying the Commissioner of Education's decision by a substantial-evidence standard, as follows:

> We must determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action. We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision. The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.

*Tijerina v. Alanis,* 80 S.W.3d 292, 295 n. 2 (Tex.App.-Austin 2002, pet. denied) (citations omitted). We must uphold an agency finding-even if the evidence actually preponderates against that finding—as long as the evidence suggests that the agency's determination was within the bounds of reasonableness. *Sw. Pub. Serv. v. Pub. Util. Comm'n,* 962 S.W.2d 207, 215 (Tex. App.-Austin 1998, pet. denied). An agency decision that is not supported by substantial evidence is deemed arbitrary and capricious. *Weslaco Fed'n of Teachers v. Tex. Educ. Agency,* 27 S.W.3d 258, 266 (Tex.App.-Austin 2000, no pet.) (citing *Pub. Util. Comm'n v. Gulf States Utils. Co.,* 809 S.W.2d 201, 211 (Tex.1991)). We give great weight to the construction of a statute by an administrative agency charged to enforce the statute as long as the construction is reasonable and does not contradict the plain language of the statute. *Reliant Energy, Inc. v. Pub. Util. Comm'n,* 153 S.W.3d 174, 187 (Tex.App.-

Austin 2004, pet. denied). We may not reverse the Commissioner's decision unless it is not supported by substantial evidence or unless the Commissioner's conclusions of law are erroneous. TEX. EDUC.CODE ANN. § 21.307(f) (Vernon 2006).

## B. The Commissioner's Decision

Appellant contends that there are no factual disputes in this case and does not challenge the Commissioner's findings of fact. Rather, appellant challenges the Commissioner's interpretation of relevant statutes and her conclusions of law. In the discussion of the case, the Commissioner's decision contains the following statement:

> As required by section 824.603 [3] of the Government Code, Respondent adopted Policy DC(LOCAL) which sets forth the procedures for hiring retirees, including the requirement of certification in an acute shortage area for the school year in which the retiree will be teaching. While allowing retirees to work for the school district without losing retirement payments, the policy requires that preference be given to certified applicants who are not retirees. A retiree who is hired under this policy is limited to a one-year term contract. At the end of the one-year term, the retiree may reapply subject to the eligibility requirements stated in the policy, including being certified in an acute shortage area for the school year in which the retiree would be employed and a finding that there are no certified applicants who are not retirees.

The decision includes the following pertinent conclusions of law:

> 4. The Commissioner of Education is required to adopt guidelines which establish areas of acute teacher shortages. These guidelines must include a requirement that a certified applicant for a position as classroom teacher who is not a retiree be given preference in hiring. TEX. GOV'T CODE SECTION 824.603(m).

> 5. Petitioner was ineligible for continued employment under Policy DC(LOCAL) at the time of her nonrenewal because it could not be known whether there were certified applicants for the position who were entitled to a preference.

> 6. A board may nonrenew a teacher's contract at the end of the contract term for any nonrenewal reason specified in the board's employment policies. TEX. EDUC.CODE § 21.203(b).

> 7. The reason given for Petitioner's nonrenewal was contained in board policy DFBB (LOCAL).

> 8. Petitioner's contract could be nonrenewed based upon the fact that she had not demonstrated eligibility for the coming school year.

> . . . .

> 11. The nonrenewal of Petitioner's term contract was not arbitrary, capricious or unlawful and was supported by substantial evidence.

In this appeal, appellant specifically challenges conclusions of law numbers five and six. She impliedly challenges conclusions numbers eight and eleven.

## C. Pertinent Statutes and CCISD Policies

■ A retired teacher who returns to teaching usually forfeits her retirement annuity and other benefits for the period of time that she is in a paid teaching position. However, the Government Code provides

---

**3.** The Commissioner's references to section 824.603 in the written decision are apparently typographical errors. Section 824.602 pertains to the hiring of retired teachers for acute shortage areas. *See* TEX. GOV'T CODE ANN. § 824.602 (Vernon Supp.2006).

some exceptions to this rule of forfeiture, one of which applies to retirees who are certified in an acute teacher shortage area and who have been retired for at least 12 months. *See* TEX. GOV'T CODE ANN. § 824.602(a)(5) (Vernon Supp.2006).[4] School districts are charged with determining their acute shortage areas and are required to give preference in filling those positions to applicants who are not retirees. TEX. GOV'T CODE ANN. § 824.602(m) (Vernon Supp.2006).[5]

■ School districts may offer teachers fixed-term contracts that are consistent with the Education Code, and the district must make the district's employment policies available for inspection. TEX. EDUC. CODE ANN. § 21.204(a)-(d) (Vernon 2006).[6] However, a teacher does not have a property interest in a contract beyond its term. TEX. EDUC.CODE ANN. § 21.204(e) (Vernon 2006). If the school district does not timely notify a teacher of its intent not to renew a term contract, the teacher's term contract does not expire, but is renewed by operation of law. TEX. EDUC.CODE ANN. § 21.206(a), (b) (Vernon 2006).[7] The Education Code further provides, "The employment policies must include reasons for not renewing a teacher's contract at the

---

4. Section 824.602(a)(5) provides:

Subject to Section 825.506, the retirement system may not, under Section 824.601, withhold a monthly benefit payment if the retiree is employed in a Texas Public educational institution:

. . . .

(5) in a position as a classroom teacher . . ., if the retiree . . . is certified under Subchapter B, Chapter 21, Education Code, to teach the subjects assigned, is teaching in an acute shortage area as determined by the board of trustees of a school district as provided by Subsection (m), and has been separated from service with all public schools for at least 12 months.

TEX. GOV'T CODE ANN. § 824.602(a)(5).

5. Section 824.602(m), provides:

The board of trustees of a school district by rule shall determine, for purposes of Subsection (a), whether there are acute shortage areas in the district. A determination must be based on acute shortage area guidelines that are adopted by the commissioner of education. The guidelines adopted by the commissioner of education must include:

(1) a list of acute shortage areas;

(2) suggested criteria for identifying local acute shortage areas; and

(3) a requirement that a certified applicant for a position as a classroom teacher who is not a retiree be given preference in hiring.

TEX. GOV'T CODE ANN. § 824.602(m).

6. Section 21.204 of the Education Code provides:

(a) A term contract must be in writing and must include the terms of employment prescribed by this subchapter.

(b) The board of trustees may include in the contract other provisions that are consistent with this subchapter.

(c) Each contract under this subchapter is subject to approval by the board of trustees.

(d) The board of trustees shall provide each teacher with a copy of the teacher's contract with the school district and, on the teacher's request, a copy of the board's employment policies. If the district has an Internet website, the district shall place the board's employment policies on that website. At each school in the district, the board shall make a copy of the board's employment policies available for inspection at a reasonable time on request.

(e) A teacher does not have a property interest in a contract beyond its term.

TEX. EDUC.CODE ANN. § 21.204 (Vernon 2006).

7. Section 21.206 of the Education Code provides in pertinent part:

(a) Not later than the 45th day before the last day of instruction in a school year, the board of trustees shall notify in writing each teacher whose contract is about to expire whether the board proposes to renew or not renew the contract.

(b) The board's failure to give the notice required by Subsection (a) within the time specified constitutes an election to employ the teacher in the same professional capacity for the following school year.

TEX. EDUC.CODE ANN. § 21.206(a), (b).

end of a school year." TEX. EDUC.CODE ANN. § 21.203(b) (Vernon 2006).

With respect to acute teacher shortage areas and retirees, CCISD's Policy DC(LOCAL) provides, under Eligibility for Rehire:

Effective with the adoption of this policy, a person who has retired from the District under the Teacher Retirement System of Texas (TRS) shall not be eligible to be rehired by the District on either a full-time or part-time basis unless the person is to be hired in one of the following:

1. A position determined by the Board to be an "acute teacher shortage area" for the school year in which the retiree would be employed;

2. A substitute position; or

3. At-will positions in areas the Superintendent, at his or her discretion, has identified as a shortage area. Any retired employee seeking to return to employment in the District shall complete the application process and be considered along with other applicants. In accordance with Government Code 824.602(a)(m)(3), in considering applicants for professional educator positions, the District must give preference to certified applicants who are not retirees.

The Board shall review annually the list of acute teacher shortage areas in which retired teachers or administrators may be hired and shall authorize the Superintendent to make such additions or deletions to the list as may be necessary in accordance with applicable law.

A retiree who is rehired by the District shall:

1. If hired as a full-time employee, be entitled to the same type of contract as a classroom teacher who is not retired. Any contract entered into with a District retiree following the adoption of this policy shall be limited to one year. At the end of the one-year term, the retiree may reapply subject to the requirements stated above at ELIGIBILITY FOR REHIRE.

The CCISD policies governing term-contract nonrenewal, DFBB(LOCAL), lists 33 reasons for term-contract nonrenewal. Reason number 32 states, "Failure of a retired/rehired employee to meet the criteria for continued employment as set forth at DC(LOCAL)."

## D. Analysis

Appellant mischaracterizes the dispositive issue in this appeal by asserting, "The central legal dispute presented in this appeal is whether or not state law *required* the nonrenewal of Ms. Tarrant's teaching contract." Neither CCISD nor the Commissioner has claimed that the law required the nonrenewal of appellant's contract. The issue before us is whether the Commissioner's construction of the statutes was reasonable and her conclusions of law were erroneous.

### 1. The One–Year Contract

■ Appellant's first argument—that the school district was not authorized to issue a contract that expired after one year—is premised on the assumption that her contract was not the same type as nonretired teachers' contracts because it expired and "could not be renewed." That assumption is incorrect. CCISD's counsel explained at the hearing before the Board of Trustees that, had CCISD not given notice of nonrenewal, appellant would have automatically been reemployed. Thus, the reason for giving the notice of nonrenewal in March was to avoid the automatic renewal. There is no evidence to support

appellant's claims that her contract was different from the contracts of nonretired teachers or that her contract "could not be renewed."

■ Appellant also complains that the Commissioner's conclusions of law numbers five and six are erroneous. Conclusion of law number five—that appellant was ineligible for continued employment at the time of nonrenewal—was based on CCISD's policies DC(LOCAL) and DFBB(LOCAL). Conclusion of law number six—that nonrenewal may be for any reason specified in the board's employment policies—was based on the Commissioner's construction of section 21.203(b) of the Education Code. Nothing in the Education Code or the Government Code precludes CCISD's policies, and appellant has not demonstrated otherwise. We conclude that the Commissioner's construction of the relevant statutes is reasonable and is consistent with the plain language of the statutes. We further conclude that the Commissioner's conclusions of law numbers five and six are not erroneous.

## 2. The Required Hiring Preference

■ Appellant asserts that the Government Code "does not require that positions held by teachers under the 'acute shortage area exception' be vacated in order to hire nonretirees." Appellant is correct. The Commissioner's decision, however, did not conclude that the ·Government Code had such a requirement. Likewise, the Commissioner's decision did not indicate that a district *must* annually sever the employment relationship with retired teachers. Rather, the decision upheld the action taken by CCISD to implement its policy of limiting the employment of retired teachers to one-year contracts in order to implement the Education Code's requirement that preference in hiring be given to nonretiree applicants for those positions.

■ The Commissioner's decision did not conclude that CCISD's policy is required by the statute or that the policy is the sole means by which CCISD may satisfy the requirement that nonretirees be given preference. The Education Code places no limits on the reasons for nonrenewal of a teacher's contract, but merely requires that reasons (1) not be arbitrary and capricious and (2) be supported by substantial evidence. *See* TEX. EDUC.CODE ANN. § 21.209 (Vernon 2006). A school district must also state the possible reasons for nonrenewal in the district's employment policies. *See* TEX. EDUC.CODE ANN. § 21.203(b). By upholding the Board's decision, the Commissioner's decision impliedly affirmed CCISD's policy as an acceptable means of implementing the statutory requirements.

## 3. Pre-established Reason for Nonrenewal

■ In her third argument, appellant asserts that the Education Code permits nonrenewal of a teacher's contract only for a pre-established reason and that a retiree's participation in the "acute shortage area exception" was not a pre-established reason. Appellee contends that the reason for the nonrenewal of her contract was the limitation to a one-year contract.

The record unequivocally demonstrates, however, that the stated, pre-established reason for the nonrenewal of appellant's contract was "Failure of a retired/rehired employee to meet the criteria for continued employment as set forth at DC(LOCAL)." As the record further demonstrates, DC(LOCAL) lists the following criteria for the employment of a retired teacher under the acute shortage area exception: (1) the former teacher must have been officially retired for at least one full calendar year; (2) the former teacher must be hired to teach in an "acute teacher

shortage area"; (3) the school district must give preference to certified applicants who are not retirees; and (4) the Board must review annually the list of acute teacher shortage areas and authorize the Superintendent to make additions and deletions as necessary.

The school district's policy of limiting rehired retirees to one-year contracts thus enables the district to implement its stated policies to (1) give preference to applicants who are not retirees and (2) to make any necessary changes to the list of acute shortage areas.

We overrule appellant's sole issue.

## CONCLUSION

We hold that the Commissioner's construction of the Government Code pertaining to the employment of retirees and the Education Code pertaining to the nonrenewal of contracts is reasonable and does not contradict the plain language of the statutes.

We further hold that the Commissioner's conclusion of law number five—that appellant was ineligible for continued employment under Policy DC(LOCAL)—and conclusion of law number six—that a board may nonrenew a teacher's contract for any nonrenewal reason specified in the board's employment policies—are not erroneous. Therefore, the Commissioner's decision was within the bounds of reasonableness and was not arbitrary and capricious.

We further hold that appellant has not carried her burden to overcome the presumption that the Commissioner's decision was supported by substantial evidence.

Accordingly, we affirm the trial court's judgment.