

# NUMBER 13-23-00257-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICARDO GARZA, **Appellant,**

**v.**

MIKE MORATH, TEXAS
COMMISSIONER OF EDUCATION
AND LA JOYA INDEPENDENT
SCHOOL DISTRICT, **Appellees.**

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña**
**Memorandum Opinion by Justice Tijerina**

This appeal stems from the nonrenewal of appellant Ricardo Garza's employment

contract with appellee La Joya Independent School District (the District). Garza appeals

the trial court's decision upholding appellee the Texas Commissioner of Education's

(Commissioner) decision denying Garza's appeal of the District's nonrenewal. By two issues, Garza argues: (1) the District did not conduct its own investigation and instead accepted the investigation performed by its police department; and (2) substantial evidence does not support the Commissioner's decision. We affirm.

## I.  BACKGROUND

The District employed Garza as a physical education elementary school teacher under a term contract. *See* TEX. EDUC. CODE ANN. § 21.201(3) (defining "term contract" as "any contract of employment for a fixed term between a school district and a teacher"). After three second-grade students accused Garza of inappropriately touching them, Garza was placed on administrative leave with pay on January 22, 2022. Garza was subsequently arrested for the allegations.

On May 11, 2022, the District sent Garza notice of its proposed nonrenewal. Garza requested a hearing before the school board pursuant to the District's nonrenewal policies. *See id.* § 21.207(a) (requiring the school board to provide a hearing within fifteen days of the teacher's request after notice of a proposed nonrenewal). A hearing was held on June 14, 2022. Witnesses testified on the District's behalf including its superintendent, several of Garza's colleagues, parents, and Garza's principal. Garza was present at the hearing with his attorney, and evidence was presented. Following the hearing, the school board voted to uphold the District's recommendation that Garza's contract not be renewed. The District notified Garza that it would not be renewing his contract based on these specific provisions of the District's policy: failure to fulfill duties or responsibilities,

2

insubordination, failure to meet professional conduct, diminished capacity of effectiveness because of publicity, breach of contract, behavior that presents a physical harm to students, assault on a student, and good cause.

Garza appealed the school board's decision to the Commissioner on June 30, 2022. *See id.* § 21.301 ("Appeal to Commissioner"). On August 17, 2022, the Commissioner issued a written decision, affirming the school board's vote. Garza then appealed to the district court. *See id.* § 21.307 ("Judicial Appeals"). After reviewing the merits of Garza's appeal, the district court affirmed the Commissioner's decision, finding that the denial of Garza's appeal was supported by substantial evidence. This appeal followed.

## II.  SUBSTANTIAL EVIDENCE

By two issues, Garza argues that the District's decision not to renew his contract is not supported by substantial evidence because the District solely relied on its police department's investigation rather than conduct its own independent investigation.

### A.  Standard of Review & Applicable Law

An aggrieved party may appeal a school board's decision not to renew a term contract to the Commissioner. *See id.* § 21.301. In reviewing the school board's decision, the Commissioner may not substitute his or her judgment for that of the school board unless the school board's decision is: (1) arbitrary, capricious, or unlawful; or (2) not supported by substantial evidence. *Id.* § 21.303(b)(1). The Commissioner may not reverse a decision of a school board based on a procedural irregularity or error by the

3

board unless the Commissioner determines that the irregularity or error was likely to have led to an erroneous decision. *Id.* § 21.303(c). The Commissioner must also issue a written decision that includes findings of fact and conclusions of law. *See id.* § 21.304.

A party may appeal the Commissioner's decision to the district court. *See id.* § 21.307 (a)(1) (providing for judicial review of the commissioner's decision). Under the substantial evidence rule, the district court "review[s] the evidence on the evidentiary record made at the local level and any evidence taken by the commissioner but may not take additional evidence." *Id.* § 21.307(e). The district court may not "reverse the decision of the commissioner unless the decision was not supported by substantial evidence or unless the commissioner's conclusions of law are erroneous." *Id.* § 21.307(f). "Substantial evidence review is a limited standard of review, requiring 'only more than a mere scintilla [of evidence],' to support an agency's determination." *Edinburg Consol. Indep. Sch. Dist. v. Esparza*, 603 S.W.3d 468, 478 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.) (quoting *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000)).

In our review, we "focus on whose decision is properly before us." *Davis*, 34 S.W.3d at 562. "If, based on the evidence as a whole, reasonable minds could have reached the same conclusion as the Commissioner, then the Commissioner's decision is supported by substantial evidence." *Id.* Whether the Commissioner's decision is supported by substantial evidence is a question of law. *Id.* "[E]vidence in the record may preponderate against the agency decision and still amount to substantial evidence

4

supporting the decision," and we will "uphold the Commissioner's decision on any legal basis shown in the record." *Id.*

## B.    Discussion

Garza argues that the only evidence before the District was its police department's investigation and that the District is prohibited from using this evidence to make an administrative decision. Contrary to Garza's assertion, this record is replete with evidence the Commissioner considered in its review of Garza's appeal including: walkthrough evaluations performed by Garza's principal Dulce Diaz and assistant principal Yvonne Rosales wherein they observed his interactions with female students and lack of classroom management; communication logs between Diaz, Garza, and Rosales instructing Garza to redirect his behavior and keep his distance from female students; affidavits from Garza's colleagues witnessing his physical interactions and inappropriate physical contact with female students; conference notes between Diaz and Garza regarding student safety; affidavits from parents of the children who made outcries regarding Garza inappropriately touching the female students; numerous student interviews; forensic interviews of the alleged child victims; the District's police department investigation report; the District's employee handbook; the District's local policies; evidence that Garza received sexual harassment training; warrants for Garza's arrest; questionnaires from Garza's colleagues; and the Title IX Investigator report, among others. Therefore, Garza's assertion that the only evidence before the District was its police department's investigation is inaccurate.

Instead, the evidence provides that Diaz conferenced with Garza on numerous occasions. On August 31, 2021, Diaz discussed Garza's lack of control—children hitting others under his supervision—and questioned what Garza was implementing to address the issue. On September 21, 2021, Diaz conferred with Garza regarding colleague complaints. Specifically, colleagues felt uncomfortable when Garza hugged female students, so Garza needed to model social distancing by staying six feet apart from students. Further, on October 15, 2021, Diaz informed Garza that he could not stay inside the gym alone with two female students while the rest of the class was outside. The communication log indicates that even after having these discussions, Diaz received more teacher complaints regarding Garza's lack of personal space with the students. Diaz spoke to Garza regarding student safety and classroom management.

Again, on October 20, 2021, Diaz visited with Garza to inform him that he must have better control of his class. According to the communication log, female students continued to hover around him, so Diaz spoke to him regarding ethics and discouraged him from hugging female students. Diaz reminded Garza that he had already been trained on sexual harassment, gave him methods to separate himself from female students, explained how observers can take his interactions with students the wrong way, and informed him that he could lose his teaching certificate.

On November 17, 2021, and December 3, 2021, Diaz spoke to Garza regarding a student punching another student and a student choking another student during physical education class. Diaz informed him that he needed to "pay close attention to students."

6

In December 2021, Diaz visited with Garza to alert him that he needed to create space between him and the female students during his lunch duty. Diaz also visited with Garza regarding some parent complaints as Garza was not implementing COVID safety practices during class.

Similar documentation was provided to the Commissioner regarding Garza's walkthrough evaluations by Diaz and Rosales. On October 15, 2021, Diaz noted: "Coach Garza stays inside with two students and walks outside after a few minutes." Diaz instructed Garza that he needed to be continuously monitoring the students and not leave the other coach outside while Garza remained inside. On October 20, 2021, Diaz observed students "running around" rather than sitting quietly waiting for Garza's instruction. Diaz reminded Garza that he needed to set clear expectations so that students would have consequences. On November 1, 2021, Rosales observed Garza "gently" hug a child as she approached him and asked him a question. She further observed Garza huddled by five girls, which impaired his ability to maintain visual of the students in the front of the gym and the ongoing activity over there. Rosales provided that several students kept interrupting Garza, and he failed to redirect interruptions as students did not follow through with Garza's directives. Rosales informed him that it was important to be "consistent and concise with our discipline," and that he needed to work on "boundary-based discipline with the girls."

The Commissioner also considered affidavits by Garza's colleagues, wherein they stated they witnessed Garza hugging several female students in the cafeteria every day

during lunch while he is on lunch duty. Affidavits from parents were admitted into evidence detailing their children's outcries and how uncomfortable the girls felt with and around Garza. Garza's assistant, Daniel Sanchez, stated that he had witnessed Garza hug several female students several times even after being instructed by administration to refrain.[1] Sanchez added that the students hover over Garza for hugs, which is distracting for the class.

The Commissioner reviewed questionnaires from Garza's colleagues regarding the incidents in question, how those incidents affected the school and students, and whether Garza should continue to be employed. Documentation of parents threatening to withdraw their students if Garza returned was also entered into evidence.

Additionally, Title IX Investigation reports detailed formal complaints filed against Garza. The Commissioner considered a "Title IX Investigator" report, which contained a transcription of an interview between a Child Advocacy Investigator and C.T., a child victim. C.T. explained she was in second grade when Garza did something that made her feel uncomfortable. Although she "didn't want to say it," she pointed to her private area and stated that Garza touched her there while she was sitting on his lap in the gym. C.T. explained it was a cold day, the children were watching the movie Encanto inside the gym, and other students witnessed this incident. C.T. clarified that this happened to

---

[1] Sanchez added that he has never witnessed Garza touch any students inappropriately and has not seen students sit on Garza's lap. According to Sanchez, whenever he approaches Garza and the students are around him, Garza redirects the students to sit down, and they comply.

another student as well because she witnessed it, and the other student confided in her about it.

Lastly, the District provided interviews from several students, affirming they witnessed female students sitting on Garza's lap in the gym, and news articles and media coverage regarding the allegations, and the negative publicity the District received as a result.

Garza does not address the foregoing evidence in his brief but merely reiterates that a school district is not permitted to "rubber stamp a police department's investigation in determining whether a teacher should be retained." Based on the foregoing evidence, we conclude the Commissioner's decision was within the bounds of reasonableness and was not arbitrary and capricious as there was more than a scintilla of evidence supporting the District's reasons for nonrenewal. *See Peaster Indep. Sch. Dist. v. Glodfelty*, 63 S.W.3d 1, 5 (Tex. App.—Fort Worth 2001, no pet.) ("Substantial evidence review is a limited standard that gives great deference to an agency in its field of expertise."). "Review under the substantial-evidence rule is highly deferential—the issue is not whether the agency's decision is correct, but whether the record demonstrates a reasonable basis for it." *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020). Therefore, we reject Garza's assertion that the District did not conduct its own independent investigation. Because Garza did not carry his burden to overcome the presumption that the Commissioner's decision was supported by substantial evidence and that reasonable minds could reach the same conclusion, we overrule his two issues. *See Tarrant v. Clear*

*Creek Indep. Sch. Dist.*, 238 S.W.3d 445, 452 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("We further hold that appellant has not carried her burden to overcome the presumption that the Commissioner's decision was supported by substantial evidence.").

### III.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Delivered and filed on the
19th day of December, 2024.